12-2776; 12-3505; 12-3672; 14-235
Shi; Lu; Liu; Ni & Zhu v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
     JON O. NEWMAN,
     DENNIS JACOBS,
     PIERRE N. LEVAL,
          *Circuit Judges.*

_____

| | |
|---|---|
| XIN YUN SHI v. SESSIONS, A088 775 992 | 12-2776 |

_____

| | |
|---|---|
| XIU JUAN LU v. SESSIONS, A097 753 315 | 12-3505 |

_____

| | |
|---|---|
| YAN YUN LIU v. SESSIONS, A087 441 542 | 12-3672 |

_____

| | |
|---|---|
| CHEN FENG NI, YU MING ZHU v. SESSIONS A088 372 188/189 | 14-235 |

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA that reversed a decision of an Immigration Judge ("IJ") granting asylum. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008); *see also Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016).

Petitioners, all natives and citizens of China, applied for asylum and related relief based on claims that they fear persecution because they have violated China's population control program with the birth of their children in the United States. The BIA recognized that it reviews an IJ's factual findings for clear error, *see* 8 C.F.R. § 1003,1(d)(3)(1), and conclusions of law *de novo*, *id.* § 1003,1(d)(3)(ii). In each of the cases covered by this order, the BIA concluded that the IJ had erred in concluding that the petitioner had established an objectively reasonable fear of future persecution because of

2

the birth of children in the United States.[1] For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the BIA's determination. *See* 546 F.3d at 158-72.

We lack jurisdiction to review the IJ's denial of Petitioners' religious persecution claim in *Chen Feng Ni, Yu Ming Zhu v. Lynch*, 14-235. Petitioners did not appeal that ruling to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Grullon v. Mukasey*, 509 F.3d 107, 111-12 (2d Cir. 2008).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stays of removal that the Court previously granted in these petitions are VACATED, and any pending motions for stays of removal in these petitions are DISMISSED as moot. Any pending requests for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

1. In three of the cases, Nos. 12-3672, 12-3503, and 14-235, the BIA also found clearly erroneous the IJ's factual finding that the petitioner had a well founded fear of future persecution. Because we uphold the BIA's legal conclusion that the alleged fear of future persecution was not objectively reasonable, we express no view as to the BIA's rejection of the IJ's fact-finding.

3

10242016-1-4